Scott E. Davis
State Bar No. 016160
Eric M. Theile
State Bar No. 027668
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ  85024

Telephone:  (602) 482-4300
Facsimile:    (602) 569-9720
email: davis@scottdavispc.com
          eric@scottdavispc.com

*Attorneys for Michelle Smith*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Smith,<br><br>            Plaintiff,<br><br>      v.<br><br>Hartford Life and Accident Insurance Company, Centrix Financial, LLC., Group Long Term Disability Plan for Employees of Centrix Financial, LLC.,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Michelle Smith (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

## *Jurisdiction*

1.   Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover

1  employee benefits. In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

*Parties*

2. Plaintiff is a resident of Maricopa County, Arizona.

3. Upon information and belief, Defendant Centrix Financial, LLC., (hereinafter referred to as the "Company") sponsored, subscribed to and administered a group disability insurance policy which was fully insured and administered by Hartford Life and Accident Insurance Company (hereinafter referred to as "Hartford"). The specific Hartford policy is known as group policy GLT 219448. The Company's purpose in purchasing the Hartford policy was to provide disability insurance for its employees. Upon information and belief, the Hartford policy may have been included in and part of the Group Long Term Disability Plan for Employees of Centrix Financial, LLC. (hereinafter referred to as the "Plan") which may have been created to provide Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, the Company or Plan may have delegated responsibility for the plan and/or claim administration of the policy to Hartford. Plaintiff believes that as it relates to her claim, Hartford functioned in a fiduciary capacity as the Plan and/or Claim Administrator.

5. Upon information and belief, Plaintiff believes Hartford operated under a conflict of interest in evaluating her claim due to the fact it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of benefits; *to wit,* Hartford's conflict existed in that if it found Plaintiff was disabled it was also liable for payment of those benefits.

6. The Company, Plan and Hartford conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

*Venue*

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

*Nature of the Complaint*

8. In a letter dated January 24, 2011, Plaintiff requested that Hartford provide her with a complete copy of the Administrative Record in her claim. To date Plaintiff has not received a copy of the Administrative Record and has been compelled to file suit in order to protect any relevant statutes of limitation.

9. Plaintiff will amend her Complaint if necessary upon receipt of the Administrative Record from Hartford.

10. Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of being found disabled.

11. After working for the Company as a loyal employee for over four (4) years, Plaintiff became disabled due to serious medical conditions and was unable to work in her designated occupation as a Senior Underwriter around February of 2008. Plaintiff has remained disabled as that term is defined in the relevant policy continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

12. Upon information and belief, Plaintiff thereafter applied for and received short term disability benefits under the relevant Hartford policy.

13. Plaintiff thereafter applied for long term disability benefits under the relevant Hartford policy.

14. Upon information and belief, the relevant long term disability policy provides a two (2) year limitation on the payment of benefits for certain disabilities.

15. In support of her claim for long term disability benefits, Plaintiff submitted medical records to Hartford from her treating physicians which supported her allegation she met the relevant definition of disability in the policy.

16. On or around September of 2006 Hartford notified Plaintiff it had approved her claim for long term disability benefits.

17. Upon information and belief, Hartford notified Plaintiff it would only pay her long term disability benefits for two (2) years under aforementioned policy limitation.

18. Upon information and belief, Plaintiff timely appealed Hartford's decision to apply the policy limitation.

19. Upon information and belief, in a letter dated March 6, 2008, Hartford notified Plaintiff it had made a final decision on her claim for continued benefits and that she had exhausted her administrative remedies pursuant to ERISA.

20. Upon information and belief, Hartford's March 6, 2008 denial letter confirms it failed to provide a full and fair review pursuant to ERISA because it completely failed to reference, consider, and/or selectively reviewed and de-emphasized most, if not all of Plaintiff's evidence.

21. Upon information and belief, Hartford's determination was also erroneous and unlawful because Plaintiff's medical conditions were not subject to the two (2) year policy limitation and continue to preclude Plaintiff from a return to work in any occupation.[1]

22. Upon information and belief, Hartford failed to consider or improperly disregarded the fully favorable decision in Plaintiff's Social Security disability claim issued by an Administrative Law Judge after Plaintiff attended and testified at a hearing with the judge in that matter, when the definition of total disability applied by the Social Security Administration is substantially similar to the definition of total disability applied under the relevant policy after the first twenty-four (24) months.

23. Upon information and belief, due to similarity in the definition of disability in the Social Security Act and the Hartford Policy, Hartford should have applied significant weight to the Administrative Law Judge's decision pursuant to *Metro. Life Ins. v. Glenn*, 128 S. Ct. 2343 (U.S. 2008) and *Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623 (9th Cir. 2009) by comparing and contrasting why Hartford's decision was different than Social Security's decision.

24. Upon information and belief, from the time Hartford originally evaluated and approved Plaintiff's claim for long term disability benefits through the present, Plaintiff has remained unable to engage in any occupation.

25. Upon information and belief, Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed the denial of her claim for long term disability benefits beyond the two (2) year

---

[1] *McOsker v. Paul Revere Life Ins. Co.*, 279 F.3d 586 (8th Cir. 2002) (holding once the claimant establishes an entitlement to benefits, absent changed circumstances, the propriety of a termination is questionable); *see also*, *Regula v. Delta Family-Care Disability Survivorship Plan,* 266 F.3d 1130 (9th Cir. 2001); *Walke v. Group Long Term Disability Ins.,* 256 F.3d 835 (8th Cir. 2001); and *Levinson v. Reliance Standard,* 245 F.3d 1321 (11th Cir. 2001) (placing burden on insurer to establish claimant's ability to work).

policy limitation. In support of her appeal, Plaintiff submitted additional medical information which demonstrated she was unable to engage in any occupation as set forth in the relevant Hartford long term disability policy due to medical conditions not subject to the policy limitation.

26. Upon information and belief, as part of its review of Plaintiff's claim, Hartford may have referred Plaintiff's claim to persons and companies that may have an incentive to protect their consulting relationships with the disability insurance industry by providing medical review reports and opinions which selectively review and ignore evidence in order to provide opinions and reports which are favorable to insurance companies such as Hartford and which support the denial of Plaintiff's claim.

27. Plaintiff believes these reviews of her claim, if they occurred, present a conflict of interest and is a reason her claim was subjected to the policy limitation and she did not receive a full and fair review pursuant to ERISA, 29 U.S.C. § 2560.503-1.

28. Upon information and belief, Hartford's denial failed to provide Plaintiff with a full and fair review by failing to properly investigate her claim in violation of ERISA, specifically 29 C.F.R. § 2560.503-1(h) because it again completely failed to reference, consider and/or selectively reviewed most if not all of her evidence which adequately documented Plaintiff's disabling medical conditions which were not subject to the policy limitation.

29. Upon information and belief, in applying a policy limitation to Plaintiff's claim, Hartford denied Plaintiff a lawful, full and fair review pursuant to ERISA for various reasons including but not limited to, failing to consider all evidence submitted by Plaintiff or de-emphasizing the medical evidence supporting Plaintiff's disability, disregarding Plaintiff's self-reported symptoms, failing to consider all the limitations set forth in her medical evidence, failing to obtain independent medical examination when the policy

allowed one, relying on a self-serving selective peer review report from an interested physician and failing to evaluate the combination of all of Plaintiff's serious medical conditions.

30. Hartford has notified Plaintiff she has exhausted her administrative appeals and has received a final denial.

31. In evaluating Plaintiff's claim on appeal, Hartford had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do. [2]

32. Plaintiff believes the reason Hartford provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its conflict of interest and this conflict is a reason her disability claim was denied.

33. Plaintiff is entitled to discovery regarding the aforementioned possible conflicts of interest of Hartford and any individual or company who reviewed Plaintiff's claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced Hartford's decision to deny her claim after the payment of benefits for two (2) years.

34. With regard to whether Plaintiff meets the definition of disability which is not subject to the policy limitation set forth in the policy, the Court should review the

---

[2] ERISA sets a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan. *See* 29 U.S.C. § 1104(a)(1). ERISA simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials." *See Firestone*, 489 U.S. at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting 29 U.S.C. § 1133(2)). ERISA also supplements marketplace and regulatory controls with judicial review of individual claim denials. *See* 29 U.S.C. § 1132(a)(1)(B); and, *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (2008).

1  evidence in Plaintiff's claim *de novo* because the unlawful violations of ERISA committed
2  by Hartford as referenced herein are flagrant.

3      35.    As a direct result of Hartford's decision to deny Plaintiff's disability claim she
4  has been injured and suffered damages in the form of lost disability benefits in addition to
5  other potential employee benefits she may have been entitled to receive through or from the
6  Plan and/or Company as a result of being found disabled.

7      36.    The evidence supports a finding that Plaintiff meets the definition of
8  disability based on a medical condition which is not subject to a policy limitation on the
9  payment of benefits. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid
10 benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

11     37.    Plaintiff is entitled to prejudgment interest at the rate of 10% per annum
12 pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for
13 losses she incurred as a result of Defendants' nonpayment of benefits.

14     WHEREFORE, Plaintiff prays for judgment as follows:

15     A.    For an order finding that Plaintiff's disability is based on a medical condition
16 which is not subject to a policy limitation on the payment of benefits.

17     B.    For an Order requiring Defendants to pay Plaintiff disability benefits
18 beyond the two (2) year policy limitation from the date she was first denied these benefits
19 through the date of judgment and prejudgment interest thereon as well as any other
20 employee benefits she may be entitled to from the Plan and/or Company as a result of
21 being found disabled;

22     C.    For an order directing Defendants to continue paying Plaintiff the
23 aforementioned benefits until such time as she meets the Plan or policy conditions for
24 termination of benefits;

1  D. For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

E. For such other and further relief as the Court deems just and proper.

DATED this 24th day of February, 2011.

SCOTT E. DAVIS. P.C.

By: */s/ Scott E. Davis*
       Scott E. Davis
       Attorney for Plaintiff

*/s/ Eric M. Theile*
Eric M. Theile
Attorney for Plaintiff